**UNITED STATES, Appellee,**

v.

**Willie B. DINKINS, Sergeant, U. S. Army, Appellant.**

No. 30,294.

U. S. Court of Military Appeals.

Oct. 3, 1975.

---

186

Lieutenant Colonel James Kucera, Captain Anthony J. Siano, and Captain Pete M. Dalmut were on the pleadings for Appellant, Accused.

Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, and Captain Raymond Michael Ripple were on the pleadings for the Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

The Government points to several "unusual factors" to justify the 126-day Burton[1] delay in bringing appellant to trial.[2] See United States v. Marshall, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). The crucial delay triggering the Burton presumption was a Government witness' failure to secure in advance of the scheduled trial date a passport to return to Germany to testify. Assuring the presence of witnesses for trial is one of the routine responsibilities of the prosecution for which ample allowance was made in establishing the 90-day standard. United States v. Reitz, 22 U.S.C.M.A. 584, 48 C.M.R. 178 (1974). The Court of Military Review erred in affirming the findings and sentence.

1. United States v. Burton, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

2. Both parties acknowledge that the defense must share responsibility for a portion of the delay in bringing appellant to trial, but that the

The decision of the United States Army Court of Military Review is reversed. The charge and its specification are ordered dismissed.

COOK, Judge (concurring):

I concur.

I readily join in concluding that the Government has failed to justify the delay beyond the 90 days in bringing appellant to trial. Allowing for the absence of any known procedure to keep a person beyond his scheduled date of discharge solely for the purpose of testifying,[3] and recognizing that unusual difficulties may be encountered when trial occurs in a foreign country, this record does not reflect the sort of diligence required to assure the timely presence of the witness. On the contrary, the Government relied on the "fair luck" it had experienced in the past in getting former service persons to return from the United States to Germany. Accordingly, the military judge erred in denying the defense motion to dismiss the charges for lack of a speedy trial.

**UNITED STATES, Appellee,**

Government remains accountable for a period in excess of 90 days.

3. United States v. Wheeler, 21 U.S.C.M.A. 468, 471, 45 C.M.R. 242, 245 (1972).